**Willie M. FREEMAN,**
**Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of**
**Health and Human Services,**
**Defendant-Appellee.**

No. 83–7277

**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 20, 1984.

Nelson Simmons, Jr., Decatur, Ala., for plaintiff-appellant.

Frank W. Donaldson, U.S. Atty., Mary P. Thornton, Asst. U.S. Atty., Birmingham, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

In this appeal we reverse the termination of disability insurance and Supplemental Security Income disability benefits because the Secretary's determination is not supported by substantial evidence.

The SSA determined that Freeman was disabled due to malnutrition, peptic ulcer by history and pancreatitis by history. 2

Rec. at 67. The agency re-evaluated Freeman's condition in 1981, concluded that she was no longer disabled, and terminated her benefits. *Id.* at 68–70, 93. In its report, the SSA diagnosed chronic obstructive pulmonary disease and lumbar disc syndrome. *Id.* at 93.

Claimant requested and received a hearing before an Administrative Law Judge. Claimant was represented by a paralegal at the hearing and was the only witness. The ALJ found that claimant was no longer suffering from disabling pain and was not disabled. *Id.* at 24–25. The Appeals Council denied review. The district court affirmed the Secretary's termination of benefits.

■ This court has held that there could be no termination of benefits unless there was substantial evidence of improvement to the point of no disability. *Simpson v. Schweiker*, 691 F.2d 966, 969 (11th Cir. 1982). This court has also recognized that a comparison of the original medical evidence and the new medical evidence is necessary to make a finding of improvement. *Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir.1984). Unlike the ALJ in *Vaughn*, the ALJ here specifically referred to the original medical evidence. 2 Rec. at 21. However, he did not compare the old evidence with the new evidence, but instead stated that

> [t]he medical evidence indicates that the claimant's conditions are not attended by clinical findings that meet or equal in severity the requirements of Appendix 1 of Subpart P of Part 404 of the regulations. Moreover, the claimant is not engaging in substantial gainful activity. Consequently, the issue before the Administrative Law Judge is whether claimant's impairments prevent her from performing her usual work; and if so, whether those impairments prevent her from performing other kinds of substantial gainful activity.

*Id.* at 20. While the ALJ did state that "claimant no longer continues to suffer from incapacitating and disabling pain to such an extent as to constitute a severe impairment or impairments within the meaning of the Social Security Act, as amended," *id.* at 24, he did not actually compare the old and new evidence but simply determined that Freeman did not now suffer from incapacitating pain. Because the ALJ did not consider the issue of improvement but instead treated the case as though it were an original application for benefits, the case must be considered under the proper legal standard.

■ Claimant asserts that the ALJ improperly required objective medical evidence to substantiate her testimony about pain. The ALJ stated that "[t]here is very little objective clinical evidence of conditions which would precipitate disabling pain." In this circuit the ALJ must recognize that pain alone can be disabling, even when there is no objective medical evidence to support the claimant's testimony about pain. *Gaultney v. Weinberger*, 505 F.2d 943, 945 (5th Cir.1974). The ALJ improperly required objective medical evidence to support Freeman's claim of disabling pain.

20 C.F.R. Sec. 404.1522 (1983) required that the ALJ consider the combination of claimant's impairments. The ALJ considered the impairments separately but not together. This issue should be addressed on remand. *Reeves v. Heckler*, 734 F.2d 519 (11th Cir.1984).

In *Broz v. Schweiker*, 677 F.2d 1351 (11th Cir.1982), *vacated and remanded sub nom. Heckler v. Broz*, —— U.S. ——, 103 S.Ct. 2421, 77 L.Ed.2d 1311, *adhered to*, 711 F.2d 957, *modified*, 721 F.2d 1297 (11th Cir.1983), we held the grids invalid to the extent they treated the age/ability to adapt factor as a legislative rather than adjudicative fact. *Broz*, 677 F.2d at 1360. We explained in *Reeves v. Heckler*, 734 F.2d 519 (11th Cir.1984) how the Secretary could use the age grids in establishing claimant's ability to adapt. The determination we described in *Reeves* has not been made in this case. The record indicates that the ALJ applied the grids mechanistically. On remand to the Secretary, Freeman must be given the opportunity to offer evidence on

her inability to adapt.[1] In the absence of such evidence the ALJ's use of the age grids would be dispositive of the issue.

REVERSED.

---

**1.** We have already determined that this case must be remanded to the Secretary on grounds other than the Secretary's application of the grids. Consequently, there is no need for the claimant to make a proffer of evidence to the district court on her ability to adapt. Rather, on remand to the Secretary, the Secretary must reconsider the case in light of *Broz* and *Reeves* if the ALJ applies the grids to Freeman.