[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12459
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-00223-MP-GRJ

CHRISTOPHER W. KLAES,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 29, 2012)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Christopher W. Klaes appeals the Commissioner's decision to terminate his disability insurance benefits ("DIB").  After review, we reverse and remand to the district court with instructions that the case be returned to the Commissioner for further proceedings consistent with this opinion.[1]

## I.  BACKGROUND

In 2003, an Administrative Law Judge ("ALJ") found that Klaes was disabled due to chronic neck and back pain and radiculopathy in his extremities and awarded Klaes benefits.  The ALJ's 2003 decision reviewed the medical evidence from 1999 to 2003, including, among other things, findings from medical examinations, MRIs of his cervical and lumbar spine, nerve conduction studies and X-rays.

In 2008, the Commissioner determined that Klaes was no longer disabled as of March 1, 2008 and terminated benefits.  Following an administrative hearing, an ALJ concluded, inter alia, that there had been medical improvement in Klaes's impairments as of that date.

## II.  TERMINATION OF BENEFITS

An ALJ may terminate a claimant's benefits if there is substantial evidence

---

[1]We review the Commissioner's social security decision "to determine if it is supported by substantial evidence and based on proper legal standards."  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004)

that there has been medical improvement in the claimant's impairments related to his ability to work, and the claimant is now able to engage in substantial gainful activity. 42 U.S.C. § 423(f)(1); 20 C.F.R. § 404.1594(a). The ALJ conducts a multi-step evaluation to determine whether a claimant's benefits should be terminated, including (1) whether the claimant is engaging in substantial gainful activity; (2) if not, whether the claimant has an impairment or combination of impairments that meet or equal a listed impairment; (3) if not, whether there has been medical improvement; (4) if so, whether the improvement is related to the claimant's ability to work; (5) if there is no medical improvement or if medical improvement is not related to the claimant's ability to work, whether an exception to medical improvement applies; (6) if there is medical improvement related to the claimant's ability to work or if an exception applies, whether the claimant has a severe impairment; (7) if so, whether the claimant can perform his past relevant work; and (8) if not, whether the claimant can perform other work. 20 C.F.R. § 404.1594(f).

The "medical improvement" required at step three is defined by agency regulation as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled . . . ." Id. § 404.1594(b)(1). A finding

that there has been a decrease in medical severity "must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the claimant's] impairment(s) . . . ." Id.  More specifically, whether medical severity has decreased "is determined by a comparison of prior and current medical evidence which must show that there have been changes (improvement) in the symptoms, signs or laboratory findings associated with that impairment(s)." Id. § 404.1594(c)(1); see also Freeman v. Heckler, 739 F.2d 565, 566 (11th Cir. 1984); Vaughn v. Heckler, 727 F.2d 1040, 1043 (11th Cir. 1984).  The ALJ must "actually compare" the previous and current medical evidence to show that an improvement occurred.  Freeman, 739 F.2d at 566.  If the ALJ fails to evaluate the prior medical evidence and make such a comparison, we must "reverse and remand for application of the proper legal standard." Vaughn, 727 F.2d at 1043.

In Klaes's case, the ALJ found that "[t]he medical evidence supports a finding that, as of March 1, 2008, there had been a decrease in medical severity of the impairments."  In support of his step-three finding, the ALJ relied on medical records dating from 2006 to 2009.  The ALJ did not mention, much less compare, the medical evidence of Klaes's impairments between 1999 and 2003 that was relied upon to make the original 2003 disability determination.

In other words, at step three, the ALJ did not compare the prior and current

4

medical evidence to determine whether it showed changes in the symptoms, signs or laboratory findings associated with Klaes's impairments, as required by 20 C.F.R. § 404.1594(c)(1) and this Court's precedent.  Accordingly, the ALJ failed to follow the proper legal standard, and we must reverse and remand so the Commissioner can apply the correct standard.  See Vaughn, 727 F.2d at 1043.[2]

**REVERSED AND REMANDED.**

---

[2]Because the ALJ's failure to apply the correct legal standard at step three requires reversal, we do not address the remaining steps in the ALJ's evaluation and express no opinion on whether there has been medical improvement or whether Klaes continues to be entitled to benefits.