Theresa E. McNEIL, Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of the Department of Health, Education and Welfare, Defendant-Appellee.

No. 79–1625.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 29, 1979.

Decided Feb. 6, 1980.

Richard D. Boyle, Indianapolis, Ind., for plaintiff-appellant.

Harold R. Bickham, Indianapolis, Ind., for defendant-appellee.

Before SWYGERT and WOOD, Circuit Judges, and ACKERMAN, District Judge.*

ACKERMAN, District Judge.

This appeal involves the denial of an application for disability insurance benefits by the defendant Secretary of Health, Education and Welfare. Theresa E. McNeil applied for a period of disability and disability insurance benefits under sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§ 416(i), 423, claiming that she was disabled due to lower back problems. Following an adverse decision by the Secretary, the claimant sought review in the district court pursuant to section 205(g) of the Act, 42 U.S.C. § 405(g). After reviewing the record, the district court entered judgment affirming the Secretary's denial of benefits. This Court has jurisdiction of this action pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. For the reasons stated below, we affirm.

To be considered disabled under the Social Security Act, a claimant must be unable to perform any substantial gainful work due to a medical condition which has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). The impairment must be so severe as to prevent the claimant from working not only in the claimant's usual occupation, but in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

After a hearing at which the claimant was represented by counsel, the administrative law judge found that the claimant was suffering from one medically determinable impairment: chronic lumbosacral strain. However, the administrative law judge further found that this impairment did not preclude the claimant from performing sedentary work. Specifically, the claimant was found capable of working as an assembler in the electronics industry, and such jobs were found to exist as required under 42 U.S.C. § 423(d)(2)(A). Accordingly, the administrative law judge found that the claimant was not disabled within the meaning of the Social Security Act, and denied

* Judge J. Waldo Ackerman of the United States District Court for the Central District of Illinois is sitting by designation.

her application for a period of disability or for disability insurance benefits. This decision provides the basis for the denial of benefits by the Secretary, and subsequent affirmation of that determination by the district court.

This appeal raises two issues: 1) whether proper consideration was afforded the claimant's subjective testimony regarding pain and discomfort in reaching the decision to deny disability benefits, and 2) whether the Secretary's decision affirming the administrative law judge's denial of benefits is supported by substantial evidence.

## I. SUBJECTIVE TESTIMONY REGARDING PAIN

■ The claimant's major contention before this Court is that the Secretary did not give proper consideration to the claimant's subjective testimony of pain, and did not make a determination regarding her credibility on this issue. Because there was medical evidence to support the existence of pain, the claimant argues that the Secretary is required to make specific findings as to the claimant's credibility, and to discount her subjective testimony only if there are valid and express reasons for doing so. The claimant urges that the administrative law judge's failure to do so in this case requires remand of this action to the Secretary for further findings of fact. We disagree.

In his decision of January 16, 1978, the administrative law judge specifically addressed the issue here presented:

The Administrative Law Judge recognizes that if the claimant experiences constant, severe, and intractable pain, she would be unable to work. However, the claimant's ability to get about on a regular basis appears generally unimpeded. There is no evidence that the claimant takes the kind and quantity of pain medication associated with severe pain syndromes. Objective and clinical evidence of severe and constant pain is lacking. While the claimant is restricted from performing certain strenuous physical activities, her daily life has not been otherwise substantially curtailed. She has re-

mained able to function as a mother, sister, and daughter in an extended family arrangement. She has a friend with whom she visits in her home on a regular basis. Having considered all these factors, the Administrative Law Judge finds that the claimant's allegation of constant, severe, and intractable pain is not supported by the evidence. The Administrative Law judge has evaluated the claimant's testimony regarding her symptoms, the objective medical evidence, the clinical evidence, and the evidence concerning the claimant's daily life. The totality of this evidence does not demonstrate that the claimant experiences pain of such severity and duration as to preclude all kinds of substantial gainful activity.

The Secretary, acting through the Appeals Council, affirmed the decision of the administrative law judge, specifically noting that the Council was "of the opinion that the administrative law judge considered both the objective and subjective evidence in [this] case."

After a careful review of the record, we agree with the district court's determination that remand of this action is unnecessary "in view of the rather detailed evaluation of the evidence regarding plaintiff's allegation of pain already made by the administrative law judge." We find that the decision of the administrative law judge clearly evidences his careful consideration of the claimant's subjective testimony of pain and discomfort, and his discounting of that testimony based upon valid reasons supported in the record. Accordingly, we conclude that the district court properly denied the claimant's motion to remand this action for supplemental findings of fact.

The cases relied upon by the claimant do not compel an opposite result. Those cases involve judicial review of decisions by the Secretary where it is unclear whether the administrative law judge considered the claimant's subjective complaints of pain. In *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill.1979), for example, in evaluating the decision of the administrative law judge, the district court noted that "no spe-

cific findings were entered respecting the credibility of [claimant's] complaints, nor are there any statements in the opinion from which the court is able to conclude that the claimant's complaints were rejected." 463 F.Supp. at 1103.

As indicated above, the administrative law judge in this case explicitly weighed the claimant's subjective complaints of pain, and specifically found that these complaints were not supported by the evidence. The administrative law judge ultimately determined that, based upon the record developed at the hearing, any pain experienced by the claimant did not preclude all kinds of substantial gainful activity as required for eligibility under the Act. Nothing further is required.

## II. SUBSTANTIAL EVIDENCE

■ Judicial review of final decisions of the Secretary is governed by section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). We are restricted by this section to an evaluation of the administrative decision. We cannot, nor should we, make our own appraisal of the evidence or substitute our judgment for that of the Secretary. Instead, we must uphold the Secretary's factual determinations if they are "supported by substantial evidence" based on the record as a whole. *See generally, Davis v. Califano,* 603 F.2d 618, 625 (7th Cir. 1979). That is, factual findings are conclusive if they are supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Allen v. Weinberger,* 552 F.2d 781, 784 (7th Cir. 1977).

■ We note, parenthetically, that under section 205(g) of the Act, 42 U.S.C. § 405(g), our responsibility with respect to review of the Secretary's determination in this type of case is virtually the same as that of the district court. *Stubbs v. Mathews,* 544 F.2d 1251, 1257 (5th Cir. 1977). *See also, Davis v. Califano,* 603 F.2d 618, 625 (7th Cir. 1979). The decision of the district court is not subject to review under the "clearly erroneous" standard of Fed.R.Civ.P. 52(a) normally employed by this Court because the findings of fact are those of the Secretary and not of the district court. *Brown v. Finch,* 429 F.2d 80, 82 (5th Cir. 1970); *Knox v. Finch,* 427 F.2d 919, 920 (5th Cir. 1970).

■ The law is clearly established that a claimant under the Social Security Act has the burden of proving the existence of a disability. It is equally clear, however, that once the claimant demonstrates an impairment of sufficient severity so as to preclude the kind of work in which she was previously engaged, the burden shifts to the Secretary to prove that there is available some other kind of "substantial gainful employment" which the claimant is able to perform. *Smith v. Secretary of Health, Education and Welfare,* 587 F.2d 857, 861 (7th Cir. 1978); *Stark v. Weinberger,* 497 F.2d 1092, 1097–98 (7th Cir. 1974).

The administrative law judge in this case did not make specific findings regarding the claimant's ability to perform the jobs of seamstress or visual records inspector which she had previously performed. Specific reference is made in the administrative law judge's decision, however, to the testimony of the vocational expert that, without reference to pain, an individual who suffered from the limitations complained of by the claimant would be unable to perform any of the jobs previously performed by the claimant. Apparently as a result of this testimony, the Secretary has conceded that the claimant is disabled to the point that she is unable to return to her former occupations.

■ The burden therefore shifts to the Secretary to prove that the claimant is capable of performing other "substantial gainful employment" under the Act. In this regard, and apparently based upon the vocational expert's testimony, the administrative law judge specifically found that the claimant, although suffering from chronic lumbosacral strain, was not precluded from performing sedentary work. Further, the administrative law judge found that the claimant had the vocational capabilities to perform the sedentary occupation of an as-

sembler in the electronics industry, which jobs existed within the meaning of the Act. Because she was deemed capable of performing this work, the claimant was found not to be disabled within the meaning of the Act. After careful review, we conclude that there is substantial evidence in the record as a whole to support the Secretary's determination of no disability.

We note, however, our initial concern with an apparent inconsistency in the vocational expert's testimony and the Secretary's subsequent concession that the claimant could not perform her past work. At first blush, it appears inconsistent that the claimant, if she suffered from the limitations complained of, excluding pain, would be unable to perform the work of a seamstress or visual records inspector and yet be capable of performing as an assembler in the electronics industry.

Upon examination of the vocational expert's testimony, however, it is clear that there is no inconsistency. The expert was very careful to draw a distinction between the claimant's earlier work as a seamstress and inspector which were both classified as involving "light physical demands", and the work of an assembler which was described as "sedentary". The "light" category involves lifting up to twenty pounds, with frequent lifts of ten pounds, a significant degree of walking or standing, and perhaps a significant degree of sitting. This category may also involve a requirement of lifting, bending, pushing and pulling with both the arms and legs involved. "Sedentary" work on the other hand, requires lifting of a ten pound maximum, with occasional lifting of only small items, and involves a great deal of sitting or standing with some walking.

This distinction serves as a basis for the expert's opinion. It is entirely logical that the expert would find the claimant incapable of performing her past "light" work but nevertheless capable of performing the "sedentary" work of an assembler. These opinions were explained by the vocational expert as they related to the claimant's circumstances. *Compare, Dobrowolsky v. Califano,* 606 F.2d 403 (3d Cir. 1979).

We are well aware of the responsibility imposed upon this Court by the statutorily-granted right of review. We must be more than an uncritical rubber stamp, but we must affirm the Secretary's decision if it is supported by substantial evidence. *See Stark v. Weinberger,* 497 F.2d 1092, 1099 n. 14 (7th Cir. 1974). Our review of the record convinces us that the disputes addressed in this appeal involve findings relating to the expertise of the vocational expert and determinations of the credibility of the witnesses. These matters were all resolved by the Secretary and his conclusions are supported by substantial evidence on the record as a whole, and are therefore beyond the province of this Court.

In sum, we are convinced that proper consideration was afforded the claimant's subjective testimony regarding pain. We also find that the Secretary's decision affirming the Administrative Law Judge's denial of benefits is supported by substantial evidence. Accordingly, the district court's affirmation of the Secretary's denial of benefits is hereby affirmed.

Affirmed.