Doshia PRICE, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

No. 84 C 9055.

United States District Court, N.D.Illinois, E.D.

Jan. 7, 1986.

Brian G. Hubka, Chicago, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty. by William Clabault, Asst. U.S. Atty., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

This action was brought by Doshia Price pursuant to Sections 216(i), 223, and 205(g)

of the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 405(g), to review a final decision of the Secretary of Health and Human Services ("the Secretary") denying plaintiff Social Security Disability Benefits. Before the Court are the parties' cross-motions for summary judgment. The issue before the Court is whether there is substantial evidence to support the final decision of the Secretary.

For the reasons stated below, this Court finds that the Secretary has met the requisite burden of proof in denying plaintiff's claim for Disability Benefits. Therefore, the Secretary's decision is affirmed.

## I. FACTS

Doshia Price is 49 years old with a 9th grade education. Price was the victim of polio at age 13 and was left with a residual motor weakness of the right upper and lower extremities. Despite this physical impairment, plaintiff has been employed at relevant times past as clerk, cashier, presser, and most recently as manager of a cleaners. Her prior employment required walking, standing, sitting, and lifting. In addition to the previously mentioned physical ailments and hypertension, plaintiff alleges a history of chronic pain in the right knee, lower back, leg muscles, ankles, hands and wrists.

On November 5, 1982, she was admitted to the hospital for an elective total replacement of the right knee. Three months later she was readmitted to the hospital for a myelogram as part of an evaluation for chronic low back pain. During this same hospitalization, she was placed under general anesthesia for a closed manipulation of her right knee. Despite the total knee prosthesis, physical therapy, and the second surgical procedure, claimant continues to walk with a limp and intermittently requires the use of a cane. On December 7, 1982, one month after her knee operation, plaintiff filed an application for a period of disability based on arthritis and hypertension. The application was denied, both initially and on reconsideration by the Office of Disability Operations of the Social Se-

curity Administration. Plaintiff, with her attorney, appeared before an Administrative Law Judge ("ALJ") who considered the case de novo and on May 30, 1984 denied Price's claim. The Appeals Council affirmed the decision of the ALJ and Price sought judicial review of the case which is before this Court on their cross-motions for summary judgment.

## II. DISCUSSION

The term disability is defined in Section 223(d)(1)(A) of the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). For purposes of paragraph (d)(1)(A), "an individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A). The Code defines physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Establishment of a disability which would entitle plaintiff to benefits under the Social Security Act is a two-step process. A medically determinable impairment must be shown to exist followed by a factual determination that the impairment renders the plaintiff unable to perform substantial gainful employment. *McNeil v. Califano*, 614 F.2d 142 (7th Cir.1980); *Lieberman v. Califano*, 592 F.2d 986 (7th Cir.1979).

In weighing the evidence to determine whether or not a disability exists, the ALJ must weigh all the evidence and may not ignore evidence which suggests an op-

posite conclusion. *Garcia v. Califano,* 463 F.Supp. 1098, 1105 (N.D.Ill.1979). Where a line of evidence contrary to the agency's position is rejected, "a minimal level of articulation of the ALJ's assessment of the evidence is required." *Zblewski v. Schweiker,* 732 F.2d 75, 78, 79 (7th Cir. 1984). In the event that the ALJ must assess the credibility of physicians' statements or testimony, he "rationally may give greater weight to the opinion of a consulting physician," *Stephens v. Heckler,* 766 F.2d 284 (7th Cir.1985), or the ALJ may decide against the treating physician's assessment if it appears that the "personal physician ... might have been leaning over backwards to support the application for disability benefits." *Cummins v. Schweiker,* 670 F.2d 81, 84 (7th Cir.1982).

■ It is generally accepted that the burden of proof rests upon the plaintiff to establish the existence of a disability. *Johnson v. Weinberger,* 525 F.2d 403 (7th Cir.1975). If the plaintiff does establish, by a preponderance of the evidence, an entitlement to disability insurance benefits, the burden of going forward temporarily shifts to the Secretary to produce evidence that the claimant has the ability to engage in some other substantial gainful activity existing in the national economy. *McNeil v. Califano,* 614 F.2d 142 (7th Cir.1980); *Slaven v. Harris,* 508 F.Supp. 280 (S.D. Ohio 1981).

■ The review of this Court is limited to a determination as to whether the Secretary's findings regarding the plaintiff's claims are supported by substantial evidence from the record as a whole. Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Therefore, since it finds that the ALJ's decision was supported by substantial evidence, the Court grants the defendant's motion for summary judgment.

Since the plaintiff's surgery in the fall of 1982, Price has claimed a number of ailments. These ailments include the inability to bend, stoop, stand, and sit for any sustained period of time. It is documented that she must take stairs one at a time and requires assistance with bathing and certain aspects of dressing. Testimony that she cannot stand to do the dishes, laundry, or housework is not contradicted. She testified further that she is unable to sit for any period longer than 20 minutes due to spasms in the legs. She has given up driving, though she admits to riding in a car for short distances as a passenger. For all practical purposes, she is confined to home where she spends a large portion of her day watching television in the prone position.

Plaintiff's claim for disability on the grounds of exertional impairment relies on the continued distress in her right knee, despite a prosthesis, and the need for daily pain medication. Moreover, plaintiff alleges nonexertional impairments, including severe lower back pain, sciatica, muscular spasms, and chronic pain in the hands and the wrists. In view of these limitations, it is uncontested that she is unable to perform her past relevant work. The decision, therefore, turns upon whether the ALJ has accorded proper weight to the testimony of the treating and consulting physicians and met the burden of going forward to produce evidence showing that the claimant has the ability to engage in some other substantial gainful activity.

■ The medical record does not establish the requisite nonexertional and exertional impairments which would prevent the claimant from engaging in any substantial gainful activity. Approximately ten months after plaintiff's knee operation, her treating physician concluded "[d]ue to the arthritis, surgeries as described, distress in the lower back and hands, it is felt that she is unable to return to any type of work at the present time." Plaintiff relies heavily on this conclusion by the treating physician when she alleges that the Secretary erred in deliberately ignoring his uncontradicted testimony. A physician's conclusion is not dispositive. *See* 20 C.F.R. § 404.1527. "It is a proposition about how particular medi-

cal impairments produce reductions in physical exertion, and how such reductions in exertion affect the ability to work." *Garrison v. Heckler*, 765 F.2d 710, 713 (7th Cir.1985). Moreover, it was not stated that the claimant would not be able to return to any work in the future. The physician acknowledges that Price is both ambulatory and capable of full weight bearing. At the administrative hearing, the claimant testified to not having fallen in a period of six months. In an attempt to establish objective evidence in support of plaintiff's nonexertional complaints of low back pain, her treating physician scheduled her for two diagnostic procedures. A myelogram demonstrated no definite abnormalities and was thus interpreted as negative. Electromyographic studies were considered non-diagnostic stating only that "... a possible root lesion at L4–5 may be considered on the right."

Upon claimant's request, a consulting physician examined Price. The examination included a radiographic survey of the lumbosacral spine which in pertinent part concluded: "No bony abnormalities or early degenerative changes are noted." Moreover, physical examination by the consulting physician demonstrated 90 degrees of flexion and 180 degrees of extension of the right knee. A straight leg raising test on the right was negative. The consulting physician did note that the claimant had moderate difficulty in getting on and off the examining table. No medical evidence to support impairment of the hands was found. Grip strength and digital dexterity were unimpaired. The examination by the examining and treating physicians were consistent with one another. Little, if any, additional objective medical evidence supporting plaintiff's multiple complaints was brought out by the consulting physician.

Plaintiff's nonexertional claims are based on postural limitations and chronic pain. With regard to such allegations, the Secretary is required to use the standard enunciated in the Social Security Disability Benefits Reform Act of 1984. Section 3(a)(1) of the 1984 Act, which amends Section 223(d)(5), 42 U.S.C. § 423(d)(5), states: "An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment...." Although the Court takes into consideration the clinical opinions of the examining and treating physicians as to the nature and extent of the claimant's pain, the Court nevertheless recognizes the difficulty in objectively and quantitatively assessing the extent of the plaintiff's chronic pain. Various indirect considerations must be taken into account in the evaluation of nonexertional limitations. Observations by the physical therapist treating the claimant noting that she was ambulating well, as well as plaintiff's own testimony that she was capable of lifting 10 pounds, could stand for 5–10 minutes, occasionally walked without a cane, and regularly sits through one-hour church services serve, at a minimum, as evidence to support the findings of the ALJ.

The question remaining before the Court therefore is not whether Price has a physical limitation, she clearly does. It is not whether the limitation prevents her from doing her previous job; it clearly does. The question instead is whether the medical record establishes that the claimant is capable of sedentary work.

As alluded to previously, Price's impairment cannot be stated in precise terms. The Court takes cognizance of the fact that the identical limitation in two different individuals may manifest differently. It is with such recognition that the Social Security Administration has established guidelines to be followed in these particular cases. It has been recognized by other courts that "... all ultimate findings in disability cases are arbitrary to a significant degree. The statute requires the Agency to find disability or no disability when the world cannot be put so neatly into two discrete packages." *Stephens v. Heckler, supra.* The Social Security Ad-

ministration has developed regulations known as a Grid which translate a claimant's particular age, skills, and education into a finding of disabled or not disabled. Where the plaintiff is found to have exertional and nonexertional impairments, both must be considered and the Grid is used as a guideline. Appendix 2, § 200.00(e)(2).

Plaintiff argues that the Grid merely serves as a starting point and each nonexertional impairment successively limits the number of jobs performable by plaintiff. She further alleges that a flexible application of the Grid would take into consideration cumulative diminishment of work capacity and concludes that, with chronic pain and significant postural limitations, she could not perform all jobs included in the sedentary category. It must be recognized, as plaintiff points out, that the Grid serves merely as a guideline and is not conclusive on the question of disability. It does not follow that, since plaintiff cannot perform all jobs in the sedentary category, that she can perform no job in the national economy.

Plaintiff ultimately bears the burden of establishing by a preponderance of the evidence her entitlement to disability benefits. *Ragan v. Finch*, 435 F.2d 239, 241 (6th Cir.1970), *cert. denied*, 402 U.S. 986, 91 S.Ct. 1685, 29 L.Ed.2d 152 (1971). Since plaintiff failed to establish the requisite nonexertional limitations, it was not error for the ALJ to mechanically apply the Grid and deny disability.

IT IS SO ORDERED.