**Robert E. LUCAS, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. No. H 85–1017.**

United States District Court, N.D. Indiana, Hammond Division.

Feb. 11, 1987.

James Banaloff, Munster, Ind., for plaintiff.

Gwen Rinckenberger, Asst. U.S. Atty., Hammond Div., for defendant.

## ORDER

MOODY, District Judge.

This matter is before the court on a Motion for Summary Judgment filed by claimant Robert E. Lucas on October 7. 1986. Defendant Otis R. Bowen, Secretary of the Department of Health and Human Services ("Secretary"), filed a motion in response on October 10, 1986. For the reasons discussed below, Lucas' motion for summary judgment is DENIED.

## I.

### *Facts*

Lucas filed his application for Social Security Disability Insurance benefits and Supplemental Security Income benefits on July 24, 1984 (Transcript [hereinafter "Tr."] at 48, 52). His claims were denied on September 13, 1984 by plaintiff's Request for Reconsideration. (Tr. 74). Lucas' claims were again denied on October 22, 1984 (Tr. 83, 84). Lucas then requested a hearing before an Administrative Law Judge ("ALJ") (Tr. 17). A hearing was duly held before an ALJ on February 5, 1985 (Tr. 14). On April 26, 1985, the ALJ issued a decision finding that Lucas was not disabled and that he had the residual functional capacity for sedentary work, and, thus, denied benefits to Lucas (Tr. 7–13). Lucas then filed a Request for Review of Decision/Order appealing the ALJ's decision (Tr. 5). The Appeals Council issued a notice denying Lucas' request for review on September 12, 1985 (Tr. 3). This being the final administrative action, Lucas filed the present action with this court on November 13, 1985 seeking judicial review of the ALJ's determination.

Further evidence in the transcript reveals the following facts. Plaintiff, Robert Lucas, is 39 years old (Tr. 26). He has a limited education (Tr. 25), 20 C.F.R. § 404.-1564(b)(3), and had worked in 1976, performing light work as a security guard (Tr. 26). Plaintiff quit that job because he "couldn't take the ... walking around and the ... stress with all the people there" (Tr. 27). Prior to his security job plaintiff had worked as a truck driver (Tr. 28), and as a factory worker (Tr. 28).

Plaintiff testified that he had been diagnosed as having spina bifida in 1972 (Tr. 32), and that he had a heart attack in 1981 (Tr. 35). Hospital records indicate that plaintiff experienced atrial fibrillation, not a heart attack, in 1981 (Tr. 103–104).

Plaintiff takes Lanoxin for his heart condition (Tr. 142). He also reported taking Tylenol for arthritis in his hands (Tr. 142). He controls a borderline diabetic condition through diet (Tr. 97). No medical evidence in the record indicates that plaintiff has either arthritis or diabetes.

Plaintiff described his daily activities as "[m]ostly nothing any more than watch t.v. and lay around" [sic] (Tr. 37), although the record indicates that he is able to take care of his personal needs (Tr. 99), drive his car (Tr. 94, 99), do limited yard work (Tr. 94) including mowing the lawn with assistance (Tr. 130), and do light housework (Tr. 39).

The issues before the court are whether or not the ALJ's determinations that Lucas was not disabled, as defined by the Social Security Act, and that Lucas was capable of sedentary work were supported by substantial evidence.

## II.

The standard for judicial review of the Secretary's decisions was recently clarified by the Seventh Circuit in *Bauzo v. Bowen*, 803 F.2d 917, 921 (7th Cir.1986). "[J]udicial review should be limited to determining whether the Appeals Council's decision is supported by substantial evidence on the record as a whole." *Id.* (and cases cited therein). In the instant case, the Appeals Council refused further review of the ALJ's decision and adopted the ALJ's determination as its final decision.[1] Therefore, the court looks to the ALJ's decision to see if it is supported by substantial evidence on the record as a whole. *Accord Bauzo*, 803 F.2d at 921; *Stephens v. Heckler*, 766 F.2d 284 (7th Cir.1985).

Substantial evidence has been described as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216–17, 83 L.Ed. 126 (1938)).

This court's duty is not to reweigh the evidence, decide the facts anew, or substitute its judgment for that of the ALJ. *Bauzo*, 803 F.2d at 923; *Delgado v. Bowen*, 782 F.2d 79, 82 (7th Cir.1986) (per curiam). If the record contains the necessary facts to support the ALJ's determination, this court must affirm, 42 U.S.C. § 405(g), unless there has been an error of law. *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir.1984) (citing *Schmoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir.1980)).

Lucas argues that: (1) the ALJ mischaracterized certain medical evidence; (2) the ALJ failed to consider Lucas' apparent inability to stand and walk in so far as sedentary work is concerned; (3) the ALJ failed to consider Lucas' impairments in combination; and (4) the ALJ's conclusions as to Lucas' credibility were not based on substantial evidence.

### A.

### *Characterization of Medical Evidence*

■ Lucas first argues that the ALJ misinterpreted the testimony of two doctors, Dr. Guberman and Dr. Schmid, to be in conflict with his own testimony regarding his functional capacity, in particular, his ability to remain in a sitting position. The court notes that the critical inquiry, for purposes of this review, is not whether certain testimony was in conflict, but rather, whether the ALJ's decision is supported by substantial evidence on the record as a whole. *Bauzo v. Bowen*, 803 F.2d 917, 921 (7th Cir.1986).

Dr. Guberman, the consultative physician, stated in his report that Lucas "is uncomfortable in the supine position although he is comfortable in the sitting position" (Tr. 133). Dr. Schmid, Lucas' treating physician, when responding to a request to describe any sustained disturbance of ambulation or position maintenance stated only that Lucas "cannot bend down" (Tr. 123). There is no other medical evi-

1. In its denial of further review, the Appeals Council stated the "request is denied and the

administrative law judge's decision stands as the final decision of the Secretary in [this] case."

dence in the record regarding Lucas' ability to remain in the sitting position.

Lucas himself testified that he had problems when sitting for more than half an hour (T. 38–39). However, in his present motion, Lucas argues that his testimony is consistent with the two doctors' in that they all agree that Lucas is comfortable sitting, at least up to one-half hour.

The court finds that this reading of the evidence supports the ALJ's finding that Lucas is capable of performing sedentary work and thus is not disabled. In addition, the court finds that Lucas' reading of the evidence is not inconsistent with the ALJ's. The medical evidence indicates that plaintiff has spina bifida and has experienced atrial fibrillation. However, the medical evidence does not corroborate the severity of these impairments claimed by plaintiff. The ALJ considered the medical evidence and weighed the subjective testimony and determined that plaintiff was not disabled.

Lucas simply did not provide medical testimony to support his personal testimony. Without such evidence, the ALJ properly determined, based on substantial evidence in the record, that Lucas was not disabled.

### B.

#### Sedentary Work

■ Lucas next argues that the ALJ failed to consider certain limitations on his ability to stand and walk and, therefore, the ALJ incorrectly concluded that Lucas was capable of sedentary work. Sedentary work is defined as work involving:

> ... lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a), 416.967(a).

It is the responsibility of the ALJ to determine Lucas' residual functional capacity. 20 C.F.R. §§ 404.1546, 416.946. Lucas' statements alone are not sufficient to establish his impairment. 20 C.F.R. §§ 404.1528(a), 416.928(a). Lucas' alleged symptoms, including pain, are not sufficient to prove disability, unless the subjective complaints are corroborated by medical signs or findings that would reasonably result in disabling symptoms. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529, 416.929; see Nelson v. Secretary of Health & Human Services, 770 F.2d 682, 685 (7th Cir.1985). Although the medical evidence confirms the existence of plaintiff's spinal and cardiac impairments, nowhere are they described as being even approximately as severe as plaintiff testified. Therefore, the court holds that the ALJ's determination that Lucas is capable of sedentary work is supported by substantial evidence.

### C.

#### Impairments in Combination

Lucas also argues that the ALJ apparently failed to consider his two impairments, spina bifida and atrial fibrillation, in combination as required by law. In Johnson v. Heckler, 769 F.2d 1202, 1213–15 (7th Cir.1985), the Seventh Circuit held that the secretary must "consider the combined effect of all of the claimant's impairments" when determining whether the claimant is eligible for disability benefits.

■ In his motion, Lucas maintains that because the ALJ did not explicitly state that he considered Lucas' impairments in combination then it must be concluded that the ALJ did not do so, thus violating the holding of Johnson v. Heckler. The court disagrees.

First, the Johnson court was concerned with a regulation promulgated by the Secretary which stated that "nonsevere" impairments would not be considered in combination. The court found this regulation to be inconsistent with the plain language of the Social Security Act. In the case at bar, the ALJ found that Lucas' impairments were "severe." (Tr. 11, 12). There is no indication that the Secretary ever

followed a policy of not combining the effects of severe impairments.

Second, a fair reading of the ALJ's decision in this case reveals that Lucas' impairments were in fact considered in combination. In holding that Lucas had severe impairments, the ALJ discussed the necessary inquiry as to the degree of the impairments as follows:

Now that it has been established that the claimant has *severe impairments,* the evidence must be scrutinized to find the degree of limitation of physical function that the claimant has sustained as a result of his impairments.

(Tr. 11) (emphasis added).

In addition, in the "Findings" section of the ALJ's decision, the ALJ stated:

3. That [Lucas] has the following *impairments:*

(a) spina bifida, and
(b) atrial fibrillation.

4. That [Lucas'] *impairments* do not meet or equal the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

(Tr. 12) (emphasis added).

The clear import of the ALJ's comments and his discussion of the medical evidence is that he did consider Lucas' impairments in combination.

### D.

### *Credibility of Witnesses*

Finally, Lucas argues that the ALJ erred by failing to make "explicit references to the administrative record" to explain why he found Lucas' testimony on the degree of his pain to be less credible than other evidence to the contrary. In support of this novel theory, Lucas relies on *McNeil v. Califano,* 614 F.2d 142 (7th Cir.1980).

The court finds that not only is Lucas' reliance on *McNeil* misplaced, but, actually, that the *McNeil* opinion serves to support the ALJ's finding. In *McNeil,* like here, the ALJ was faced with the subjective complaints of pain from a claimant which were not supported by independent medical testimony. In upholding the ALJ's determination of the claimant's credibility, the *McNeil* court stated:

[T]he administrative law judge in this case explicitly weighed the claimant's subjective complaints of pain, and specifically found that these complaints were not supported by the evidence. The administrative law judge ultimately determined that, based upon the record developed at the hearing, any pain experienced by the claimant did not preclude all kinds of substantial gainful activity as required for eligibility under the Act. Nothing further is required.

614 F.2d at 145.

The facts of the present case are essentially identical to those of *McNeil.* The ALJ was called upon to weigh Lucas' subjective complaints of pain against the complete lack of supporting medical testimony.

Moreover, Lucas' statements alone are not sufficient to establish his impairment. 20 C.F.R. §§ 404.1528(a), 416.928(a). His alleged symptoms, including pain, are not sufficient to prove disability, unless the subjective complaints are corroborated by medical signs or findings that would reasonably result in disabling symptoms. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529, 416.929; *see Sparks v. Bowen,* 807 F.2d 616, 617 (7th Cir.1986); *Nelson v. Secretary of Health & Human Services,* 770 F.2d 682, 685 (7th Cir.1985) (upholding ALJ's determination of credibility in absence of supporting medical testimony). Therefore, the court finds that the ALJ's determination of Lucas' credibility is supported by substantial evidence.

### CONCLUSION

Having found that the ALJ's decision is supported by substantial evidence, the court ORDERS that plaintiff's motion for summary judgment is hereby DENIED. Accordingly, the Secretary's determination in this case is AFFIRMED.