**Albert LAUER, Jr., Plaintiff-Appellant,**

**v.**

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 86–1748.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 28, 1987.

Decided May 7, 1987.

James Ramsier, Fort Wayne, Ind., for plaintiff-appellant.

Steven Plotkin, Dept. of Health and Human Services, Chicago, Ill., for defendant-appellee.

Before WOOD, POSNER and RIPPLE, Circuit Judges.

PER CURIAM.

Plaintiff-appellant appeals from the denial by defendant Secretary of Health and Human Services ("Secretary") of appellant's application for the establishment of a period of disability and for disability benefits as provided for by the Social Security Act, 42 U.S.C. §§ 416(i) and 423, respectively. For the reasons set forth below, we reverse the decision of the district court and remand for further proceedings.

## I.

The instant appeal arises out of repeated attempts by appellant, who at the time of his hearing was 53 years old and the recent recipient of an associates degree in accounting, to receive disability benefits. From 1964 to 1975, appellant was employed as a machine operator at a meat packing plant but was forced to leave that position due to persistent lower back pain. Appellant subsequently undertook a part-time job as a credit union loan processor from 1975 until early 1983—a position previously determined by the Social Security Administration not to have constituted substantial gainful activity[1]—and in that capacity worked approximately 8 hours a week.

Appellant's most recent application for benefits—the one presently in issue—was filed in June 1983 and stated that he had become disabled as of January 1975. In his application, appellant contended that his inability to work resulted from conditions affecting his heart, lungs, left eye, right wrist, left leg and back.[2] As had been the case with his previous applications, the Social Security Administration denied appellant's application after appropriate review at both the initial and reconsideration stages. Appellant then requested and received a hearing at which he was represented by counsel and at which he testified at some length. A supplemental hearing was subsequently convened by the administrative law judge ("ALJ") for the purpose of further examining evidence produced by a vocational expert whose opinions as to appellant's employment suitability had earlier been solicited only via interrogatories.

At the conclusion of these hearings, the ALJ on *res judicata* grounds dismissed appellant's request for a determination of disability prior to November 16, 1982.[3] Next, the ALJ considered and then denied appellant's disability claim for the previously unadjudicated period subsequent to November 1982. Appellant's claim was denied by the ALJ on the basis of a finding that appellant was not disabled because he could still perform his past relevant work as a loan processor. The Appeals Council refused appellant's request for review and thereby adopted the ALJ's findings as the final decision of the Secretary.

---

1. Upon review of appellant's second and third applications for benefits, the Social Security Administration concluded, on October 19, 1979 and September 30, 1982, that appellant's part-time work as a loan processor did not rise to the level of substantial gainful activity.

2. Specifically, appellant lists his impairments as the following: residual back pain with related pain in left leg; coronary artery disease; blind-ness in the left eye; non-union of a wrist fracture and chronic obstructive lung disease.

3. November 16, 1982 marks the date on which the Secretary denied appellant's third application for disability benefits. Appellant did not seek review of this determination and, accordingly, the denial became final and binding on the issue of appellant's disability prior to November 1982.

Appellant filed a civil action in which he sought judicial review of the Secretary's decision. Both appellant and the Secretary filed motions for summary judgment and, on March 20, 1986, after examination of the administrative record, the district court granted summary judgment in favor of the Secretary. Appellant timely appealed.

## II.

Appellant raises three issues on appeal: (i) that the ALJ's finding that appellant could return to his past relevant work as a loan processor, which work had previously been determined not to be substantial gainful activity, violates applicable regulations and requires reversal; (ii) that the ALJ's decision to re-examine a prior favorable determination concerning appellant's work as a loan processor, either with or without formal notice to appellant, constitutes reversible procedural error; and (iii) that the ALJ's decision is not supported by substantial evidence as required by 42 U.S.C. § 405(g). Because we agree with appellant's first argument, we need not consider his other claims.

This court has recently summarized the procedures required by the Social Security Act to be undertaken when the Secretary seeks to determine whether a claimant for disability benefits is entitled to such relief. The following five-step inquiry is mandated:

The following steps are addressed in order:

(1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops inquiry and leads to a determination that the claimant is not disabled.

*Bauzo v. Bowen*, 803 F.2d 917, 920 n. 1 (7th Cir.1986); *Zalewski v. Heckler*, 760 F.2d 160, 162 n. 2 (7th Cir.1985); 20 C.F.R. § 404.1520. *But see Johnson v. Heckler*, 769 F.2d 1202, 1208–1212 (7th Cir.1985) (A negative answer at step 2 need not necessarily foreclose further inquiry). As both parties recognize, the ALJ's finding at step four of the inquiry proved dispositive (fatal to appellant) in the present case.

The law is well-settled that a claimant seeking disability benefits under the Social Security Act has the initial burden of proving the existence of a disability. *Whitney v. Schweiker*, 695 F.2d 784, 787 (7th Cir. 1982); *McNeil v. Califano*, 614 F.2d 142, 145 (7th Cir.1980). Equally settled is the proposition that once a claimant proves the existence of a disability which precludes a return by that claimant to his previous work [4] the burden then shifts to the Secretary to prove that there is some "other" kind of substantial gainful employment which the claimant is able to perform. *Id.* Appellant argues that he need only demonstrate that his impairments preclude his returning to his previous full-time job as a machine operator at a meat packing plant in order to establish his entitlement to benefits. Both the Secretary and the district court, however, take the position that the statutory reference to "previous work" has the effect of requiring a claimant to demonstrate an impairment-related inability to return to *any* job the claimant has held since the onset of the alleged disability so long

**4.** The Social Security Act provides that an individual is considered disabled if he is unable to do his "previous work" and cannot engage in any other kind of substantial gainful work. 42 U.S.C. § 423(d)(2)(A). Neither the statute nor the Secretary's regulations furnish a definition of "previous work." "The meaning of the term 'previous work' is a source of constant litigation." *Roy v. Secretary of Health and Human Services*, 512 F.Supp. 1245, 1255 (C.D.Ill.1981).

Gloss which this court has thus far added to the pertinent regulations can be found in *McNeil v. Califano*, 614 F.2d 142 (7th Cir.1980), where we stated that a claimant for disability benefits must demonstrate "an impairment of sufficient severity so as to preclude the kind of work in which [he] has previously engaged." *Id.* at 145; *accord Whitney v. Schweiker*, 695 F.2d 784, 787 (7th Cir.1982).

as such employment was neither extremely remote in time nor brief in duration.

■ In essence, appellant contends that a part-time loan processor position he held subsequent to his allegedly becoming disabled cannot be considered by the Secretary as "past relevant work" [5] to which he can presently return. The basis for this contention is, according to appellant, a prior determination by the Social Security Administration that his loan processing position did not constitute substantial gainful activity.[6] While our analysis of the Social Security regulations furnishes us with precious little guidance as to the proper resolution of the question at issue, we have found persuasive support for appellant's position in the Secretary's own interpretive rulings of the Social Security regulations. We thus conclude that appellant is correct and that "previous work", in order to be considered "past relevant work", must first be found to rise to the level of substantial gainful activity.[7]

Social Security Ruling 82–62 (PPS–80: A Disability Claimant's Capacity to Do Past Relevant Work) clearly and unequivocally states:

Capacity to do past work may be indicative of the capacity to engage in SGA [substantial gainful activity] when that

work experience constituted SGA and has current relevance considering duration and recency.

This interpretive ruling by the Secretary (published under the auspices of the Social Security Administration) is referred to as recently as April 1986 in Social Security Ruling 86–8 and directly contradicts the interpretation of the disability regulations posited by the Secretary in the instant case. We are thus at pains to see how the Secretary can consider appellant's past work as a loan processor as "past relevant work" when the Secretary has interpreted past relevant work to be only that employment which when previously performed was performed at the substantial gainful activity level and when the Secretary actually determined that appellant's loan processor job as performed did *not* constitute substantial gainful activity.

■ It is well-established that courts will routinely and for good reason accord considerable deference to an agency's interpretation of its own regulations, *United Fire Insurance Co. v. Commissioner of Internal Revenue*, 768 F.2d 164, 169 (7th Cir. 1985), as it is most often the agency itself that is charged with fashioning and promulgating any regulations authorized by statute. Interpretive rulings issued by

---

**5.** 20 C.F.R. § 404.1520(e), at which the term "past relevant work" appears, does not define the type of work which the Secretary considers to constitute past relevant work.

**6.** The term "disability" is defined at 42 U.S.C. § 423(d)(1) for the purpose of determining a claimant's eligibility to receive disability benefits as:

[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

The level of employment activity a claimant for benefits is able to perform is the critical factor in the process of determining whether that individual will be granted benefits or told to return to the national work force to perform work of which he is capable and that will furnish the claimant adequate wages. That a claimant is entitled to benefits when he is no longer able to engage in any "substantial gainful activity" is made clear at 42 U.S.C. § 423(d)(2)(A):

an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any *other* (emphasis added) kind of substantial gainful work which exists in the national economy. . . .

**7.** Our conclusion that the term "past relevant work" includes only that employment which, when previously performed, constituted substantial gainful activity is reinforced by the language of § 423(d)(2)(A). The statute entitles a claimant to benefits when he is unable not only to do his previous work but also unable to do any *"other"* kind of substantial gainful work. We can conceive of no other reason to use the word "other" other than to refer back to the "previous work" the claimant is no longer capable of performing. Thus, what the statute requires is, in essence, a showing that the claimant is unable to do both his previous [substantial gainful] work as well as any other kind of substantial gainful work presently in existence.

government agencies are designed primarily to provide both practitioners and laymen alike with explanations and clarifications of what are often the very intricate and complex operating procedures embodied in agency regulations.[8] These rulings, however, are intended not solely to be enlightening but are binding on the Social Security Administration, *see Johnson v. Heckler*, 769 F.2d 1202, 1205 (7th Cir.1985); 20 C.F.R. § 422.408, and also capable of being relied upon as precedent until they are either expressly superseded, modified, or revoked by later legislation, regulations, court decisions or rulings.[9]

The Secretary has brought to our attention a recent case in which the same issue at stake here was resolved adversely to the Secretary and in favor of a claimant whose application for benefits was denied. In *Vaughn v. Heckler*, 727 F.2d 1040 (11th Cir.1984), the court held that it was an error of law for the ALJ to have concluded that Vaughn's past *insubstantial* gainful activity, conclusively, and without more, demonstrated a present ability on her part to perform substantial gainful activity and,

consequently, her ineligibility to receive disability benefits. *Id.* at 1042. The Secretary would have us either distinguish *Vaughn* on its facts [10] or reject the holding of the Eleventh Circuit. Once again, we are effectively precluded from adopting the Secretary's reading of *Vaughn* on the basis of the Secretary's own contrary interpretive ruling which, until superseded, modified or overruled, remains binding precedent adverse to the position taken here by the Secretary. The consequences of Social Security Ruling 82–62 may not have been fully apparent to the Secretary when the ruling was first rendered, but that fact cannot now justify abandonment of this apparently disfavored interpretation.

Additionally, at oral argument counsel for the Secretary pointed to regulations which the Secretary claimed supported the decision to deny appellant benefits at step four of the required application assessment process. The proffered regulation states:

The work that you have done during any period in which you believe you are disabled may show that you are able to

8. The Supreme Court's most comprehensive statement on the role of interpretive rulings such as SSR 82–62 is found in *Skidmore v. Swift & Co.*, 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944), where the Court said:

We consider that the rulings, interpretations and opinions of the Administrator under this Act [Fair Labor Standards], while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance. The weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.

*Id.* at 140, 65 S.Ct. at 164; *accord General Electric Co. v. Gilbert*, 429 U.S. 125, 141–142, 97 S.Ct. 401, 410–11, 50 L.Ed.2d 343 (1976).

9. "Social Security Rulings" is published quarterly by the Social Security Administration and describes the purpose of administration rulings thusly:

The Social Security Rulings ... are based on case decisions, policy statements, decisions of the administrative law judges and the Appeals Council, opinions of the Office of the General

Counsel, Commissioner's decisions, Federal court decisions, and other interpretations of the law and regulations.

Once published, Social Security Rulings are binding on all components of the Social Security Administration in accordance with section 422.408 of Social Security Regulations No. 22 (20 CFR Part 422). The Social Security Rulings do not have the force and effect of the law or regulations, but are to be relied upon as precedents in determining other cases where the facts are basically the same. A Social Security Ruling may be superseded, modified, or revoked by later legislation, regulations, court decisions, or rulings.

10. In *Vaughn*, the court felt that appellant would not be able to perform what had been insubstantial gainful activity at a substantial gainful activity level while in the present case the ALJ's findings implied that appellant could perform his previous job as a loan processor at a substantial gainful activity level. The Secretary asserts that the ability to engage in any previous work should be probative on the question of whether a claimant can return to that type of work. As we explain, *infra*, the rulings of the Secretary seem to us to require more than simply a showing at step four that some form of work was previously engaged in—i.e., any previous "relevant" work must itself have risen to the level of substantial gainful employment.

do work at the substantial gainful activity level. If you are able to engage in substantial gainful activity, we will find that you are not disabled.... Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did. We will consider all of the medical and vocational evidence in your file to decide whether or not you have the ability to engage in substantial gainful activity.

20 C.F.R. § 404.1571. While we are in agreement with the Secretary that an applicant for disability benefits may ultimately—that is, at step five—be found to be able to engage in substantial gainful activity based upon his having previously performed some non-substantial gainful activity, we are simply unable to discern anything in the proffered regulation to suggest that prior non-substantial gainful activity can be the basis for a step four determination of non-disability. Where, as here, the Secretary's regulations seem to require that past relevant work have been substantial gainful activity when performed in order to disqualify an applicant at step four, we cannot read § 404.1571 to permit the Secretary's rejection of appellant's claim at step four due to the fact that two earlier determinations by the Social Security Administration found appellant's loan processor job not to have constituted substantial gainful activity.

This court's role in administrative agency review cases such as this one is not to assist federal agencies in sidestepping their own procedures or to undertake to perform the agencies' functions in the agencies' stead; rather, our duty is to ensure that agency rules and regulations are properly promulgated, lawful and strictly enforced. *See Johnson v. Heckler,* 741 F.2d 948, 952 (7th Cir.1984). The Secretary's own regulations seem to us to require that the instant case be taken to step five before the necessary determination can be made consistent with the existing statutory framework. If the Secretary is frustrated by such a requirement, he is free to formally alter or otherwise modify his regulations but he cannot invoke this court's assistance in circumventing procedures that appear to be clearly and unambiguously prescribed.

### III.

In summary, we hold that as a matter of law the ALJ and the district court erred in denying appellant disability benefits at step four of the sequential evaluation process on the basis of a finding that appellant could return to his past relevant work as a loan processor, work which had already been determined by the Social Security Administration *not* to have constituted substantial gainful activity. Our agreement with appellant's first argument makes consideration of his remaining claims unnecessary. Accordingly, the decision of the district court is REVERSED and the case remanded to the Secretary for the step five inquiry into whether appellant retains the ability to perform any other work within the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.-1520(f). Of course, we express no view on the outcome of that inquiry.

REVERSED AND REMANDED.

POSNER, Circuit Judge, dissenting.

My brethren have misread the social security ruling on which they rely, as well as the regulation on which they refuse to rely. The result is to make an easy case hard, and to interfere unjustifiably with the administration of social security disability benefits. The administrative law judge found that the applicant is capable of engaging in substantial gainful activity. That finding, which is supported by substantial evidence, is dispositive of the claim for benefits.

The applicant, Lauer, had previously worked 8 hours a week as a loan processor. (Previously to that he had worked as a machine operator, but all agree that he can no longer do such heavy work.) The parties are in agreement that this is not "substantial gainful activity" within the meaning of the applicable regulations. "The ability to work only a few hours a day or to work only on an intermittent basis is not the ability to engage in 'substantial gainful

activity.'" *Cornett v. Califano,* 590 F.2d 91, 94 (4th Cir.1978). See also *Tucker v. Schweiker,* 650 F.2d 62 (5th Cir.1981). So if the question were whether, despite what Lauer considers his increased disability, he could go back to working 8 hours a week as a loan processor, an affirmative answer would not justify the denial of the application. No one suggests it would. There is evidence, however, which the administrative law judge credited, that Lauer is physically capable of working 32 hours a week as a loan processor. His counsel concedes that this would be substantial gainful activity, even though not quite full time. This concession is compelled by the case law. An applicant is not disabled if he can engage in substantial gainful activity even if that activity is not full time. See *Beasley v. Califano,* 608 F.2d 1162, 1166 (8th Cir. 1979). That should be the end of the case.

Lauer appears to be arguing, though this is not entirely clear, and my brethren appear to be ruling, though this is not clear either, that an applicant's past work is irrelevant—inadmissible—unless it was substantial gainful activity. My brethren are misled by a social security ruling which states ("clearly and unequivocally" as they put it):

> Capacity to do past work may be indicative of the capacity to engage in [substantial gainful activity] when that work experience constituted [substantial gainful activity] and has current relevance considering duration and recency.

SSR 82–62, 1982 Social Security Rulings 158, 159. This does not say, and cannot possibly mean, that an applicant's past work is relevant to the determination of disability only if it was substantial gainful activity. All it says and means is that if you can still do your past work, *and* that past work was substantial gainful activity, you're probably not disabled, provided further (as the ruling goes on to explain) that the work was not in the remote past or merely sporadic or intermittent. Of course this ruling couldn't be used to deny Lauer his benefits, because his past work was not substantial gainful activity. But no one proposes to use this ruling for that purpose. The parties agree that if Lauer

couldn't work more than 8 hours a week he would be disabled. The administrative law judge, however, found on adequate evidence that Lauer is capable of substantial gainful activity. The ruling on which my brethren rely is not pertinent to that dispositive finding. The ruling does not purport to prevent the administrative law judge from using evidence of past insubstantial work in combination with other evidence to reach a conclusion that the applicant is not disabled. The sentence before the one quoted above reads: "An individual who has worked only sporadically or for brief periods of time ... *may* be considered to have no relevant work experience." *Id.* at 159 (emphasis added). "May"—not "shall." Any evidence of physical activity—evidence for example that the applicant worked in his yard or around the house—can be used to show that the applicant is capable of engaging in substantial gainful activity, even though the evidence is not of such activity. See, e.g., *Broadbent v. Harris,* 698 F.2d 407, 413 (10th Cir.1983) (per curiam). Evidence of past work is also relevant to such a showing, whether or not the past work rises to the level of substantial gainful activity, in which event the evidence would be not merely relevant but controlling.

This case is thus unlike *Vaughn v. Heckler,* 727 F.2d 1040 (11th Cir.1984), where the administrative law judge improperly gave controlling weight to the applicant's ability to perform past work that had fallen short of being substantial gainful activity. The administrative law judge in this case relied on evidence from a vocational expert that the applicant could engage in substantial gainful activity—his past work, raised to nearly full-time employment. My brethren, to their credit, are troubled by this point, for they remark in a footnote (naturally) that "in the present case [unlike *Vaughn*] the ALJ's findings implied that appellant could perform his previous job as a loan processor *at a substantial gainful activity level."* (Emphasis added.) The distinction is vital. How do my brethren get around it? By remarking inconsequently, "the rulings of the Secretary seem

to us to require more than simply a showing ... that some form of work was previously engaged in...." Agreed; but the administrative law judge did not stop with that showing; that would be *Vaughn*, not this case. He went on to consider the testimony of the vocational expert that Lauer could perform his previous work on an essentially full-time basis.

This case is covered not by SSR 82–62 or *Vaughn*, but by a sentence in the regulation that appears at 20 C.F.R. § 404.1571: "Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did." This sentence fits this case like a glove. Lauer worked 8 hours a week as a loan processor; his physical impairment (so the administrative law judge could and did find) has not worsened significantly since then. The question is, could he work more than 8 hours a week as a loan processor? Enough more to count as substantial gainful activity? The vocational expert—a witness whose testimony the administrative law judge was entitled to credit and did credit—answered "yes" to both questions. The dispositive finding by the administrative law judge is the following: "The vocational evidence clearly shows that ... the claimant could return to his past relevant work as a loan processor for a credit union *on a full time basis*...." (Emphasis added.)

The regulation I have quoted from also states, "If you are able to engage in substantial gainful activity, we will find that you are not disabled." 20 C.F.R. § 404.1571. (This is a paraphrase of the statute. See 42 U.S.C. §§ 423(d)(1), (d)(2)(A).) So if as here the administrative law judge finds that the applicant is able to engage in substantial gainful activity, that is the end of the case. This is what the administrative law judge found, in two steps, each of which is proper under the regulation and not barred by SSR 82–62. First, the applicant could still do his old work, which was loan processing; second, he could do it on a sufficiently full-time basis to make it a substantial gainful activity. As my brethren point out, Lauer "argues that he need only demonstrate that his impairments pre-

clude his returning to his previous full-time job as a machine operator at a meat packing plant in order to establish his entitlement to benefits." This is a ridiculous argument, and I hope my brethren have not accepted it. It amounts to saying that an applicant for social security disability benefits is disabled unless he can perform a full-time job that he once performed, even if there is evidence that he can perform other substantial gainful activity. The regulation makes clear that if he can engage in *any* substantial gainful activity, whether or not it was a full-time job that he once held, he is not disabled. It might be his last part-time job, performed on a full-time basis, if, as here, the applicant is capable of performing his former part-time job on a full-time basis.

Cases such as this tug at the heart; but misreading the Social Security Administration's rulings and regulations can only sow confusion and reduce the funds available to pay benefits to persons entitled to them under the standards established by the responsible government agency—which happens not to be the United States Court of Appeals for the Seventh Circuit.