879 F.2d 862
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Luzie S. CONNOLLY, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 88-3116.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 10, 1989.
Decided: July 14, 1989.
 
 Susan Lee Canby (Southside Virginia Legal Services, on brief), for appellant.
 William Brian Reeser (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Chief, Social Security Litigation Division; Deborah Fitzgerald, Assistant Regional Counsel, Department of Health & Human Services; Henry E. Hudson, United States Attorney; G. Wingate Grant, Assistant United States Attorney, on brief), for appellee.
 Before K.K. HALL, JAMES DICKSON PHILLIPS and WILKINS, Circuit Judges.
 K.K. HALL, Circuit Judge:
 
 
 1
 Luzie Connolly ("claimant") appeals from a decision of the district court affirming the Secretary's denial of her claim for supplemental security income ("SSI") benefits, 42 U.S.C. Sec. 1383(c)(3), based on disability. For the reasons stated below, we vacate the judgment of the district court and remand the case with instructions to return it to the Secretary for an award of benefits.
 
 I.
 
 2
 The claimant filed her application for benefits on March 4, 1986. The application was denied initially and upon reconsideration. The claimant requested a hearing before an administrative law judge ("ALJ"), who found that claimant retained the residual functional capacity to perform work-related activities except for work involving moderate to heavy exertion. He determined that claimant's past relevant work as a baby-sitter did not require the performance of such activities, and thus she was not under a disability as defined by the statute. The Appeals Council denied review and claimant filed for judicial review. The case was referred to a magistrate pursuant to 28 U.S.C. Sec. 636(b)(1)(B) and the magistrate concluded that the Secretary's findings were supported by substantial evidence and affirmed the denial of benefits. The district court affirmed, overruling claimant's objections to the magistrate's report. This appeal followed.
 
 
 3
 When claimant filed her application for SSI benefits in 1986 she was 63 years old. She was born in Poland and completed seven years of school in Germany. She came to the United States in 1958 and became a naturalized citizen in 1980. At the hearing before the ALJ, the claimant testified that she reads English sufficiently for her own needs, but writes it poorly. Her only former employment experience was as a baby-sitter. She engaged in baby-sitting for five years and earned approximately $25.00 per week.
 
 
 4
 Also at the hearing, the claimant presented evidence that she suffers from severe chronic pulmonary disease with moderate obstructive ventilatory defect, mild hypertension, exogenous obesity, and degenerative joint disease of the hands and knees. The ALJ recognized these ailments but found that claimant did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Reg. No. 4. Based upon his finding that claimant could return to baby-sitting, the ALJ found that she was not disabled.
 
 II.
 
 5
 The claimant's principal contention on appeal is that her past employment as a baby-sitter cannot be considered past relevant work for purposes of a disability evaluation because it was not substantial gainful activity as defined by the Social Security Act and regulations.[1] The Supplemental Security Income Program 42 U.S.C. Secs. 1381-83 became effective in 1974. 42 U.S.C. Sec. 1382c(3)(A) defines disability as:
 
 
 6
 [the inability] to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.... [Emphasis supplied]
 
 
 7
 When the claimant stopped work in 1979, she was earning $26.00 per week or approximately $111.80 per month. 20 C.F.R. Sec. 404.1574(b)(3) establishes that, for calendar years before 1976, a person earning less than $130 per month will generally not be considered to have held substantial gainful activity. For calendar year 1979, a person earning less than $180 per month will generally not be considered to have held substantial gainful activity. It is undisputed that the claimant's earnings from her baby-sitting employment were below those levels. The question before us is whether claimant's baby-sitting employment can be considered past relevant work when it did not rise to the level of substantial gainful activity. We conclude that it cannot.
 
 
 8
 We find guidance first from the Secretary's own rulings. The Social Security Administration publishes "Social Security Rulings" quarterly. Once published they are binding on all components of the Social Security Administration in accordance with Sec. 422.408 of Social Security Regulations No. 22 (20 C.F.R. Part 422). Social Security Ruling 82-62 (A Disability Claimant's Capacity to Do Past Relevant Work) clearly states:
 
 
 9
 Capacity to do past work may be indicative of the capacity to engage in SGA [substantial gainful activity] when that work experience constituted SGA and has current relevance considering duration and recency.
 
 
 10
 This ruling is in direct conflict with the Secretary's position in the present case where he argues that claimant's past work was relevant even though it was not substantial gainful activity. Although these rulings were designed primarily to explain and clarify agency regulations, they are not intended solely to be informative--they are to be followed. See Johnson v. Heckler, 769 F.2d 1202 (7th Cir.1985). Thus, it is difficult to see how the Secretary can consider claimant's past work as a baby-sitter to be past relevant work when it was not substantial gainful activity and he has interpreted past relevant work to be that performed at a substantial gainful activity level.
 
 
 11
 Claimant calls our attention to two cases from other circuits that have addressed this issue. In Vaughn v. Heckler, 727 F.2d 1040 (11th Cir.1984), the court held that it was an error of law for the ALJ to have concluded that Vaughn's past insubstantial gainful activity as a maid conclusively demonstrated a present ability on her part to perform substantial gainful activity, and consequently, her ineligibility to receive disability benefits.[2] The court held that the ALJ should have proceeded to step five of the sequential process to determine whether Vaughn could perform substantial work within the national economy.
 
 
 12
 In Lauer v. Bowen, 818 F.2d 636 (7th Cir.1987), the court held that a claimant's previous work is not considered "past relevant work" unless that work was "substantial gainful activity." The court found that the ALJ had erred as a matter of law in denying disability benefits at step four of the sequential evaluation process by finding that the claimant was able to return to his past relevant work as a loan processor when that work was not substantial gainful activity as determined by the Social Security Regulations.
 
 
 13
 We find the holdings of these courts persuasive when viewed in conjunction with the Social Security Act and regulations and the Secretary's own rulings. We hold that in order to be classified as past relevant work, for the purpose of determining disability, the work must have been substantial gainful activity.[3] In this case the ALJ erred in finding that the claimant could return to her past relevant work as a baby-sitter and therefore was not disabled, when her baby-sitting did not rise to the level of substantial gainful activity.
 
 
 14
 He should have proceeded to step five where the inquiry is whether an individual is able to perform any other work in the economy, if he or she is unable to perform past relevant work. The evidence in this case clearly shows that had the ALJ proceeded to step five, the claimant would have been found disabled under the grid regulations, App. 2, Table No. 2, to 20 C.F.R. Part 404, Subpart P,[4] and thus there is no need to remand for that determination.
 
 III.
 
 15
 Accordingly, the judgment of the district court is vacated and the court is instructed to remand the case to the Secretary for an award of benefits.
 
 
 16
 VACATED AND REMANDED.
 
 
 
 [1]
 The general procedure for a disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. Secs. 404.1520, 1520a (1988). An ALJ must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairment prevents her from any substantial gainful work. A negative answer to the fourth question results in a determination of no disability which was what occurred in this case
 
 
 [2]
 In Vaughn, the ALJ acknowledged that the claimant was not engaging in substantial gainful activity. The court found that her work had always been compensated at a level below the earnings level at which work becomes gainful. See 20 C.F.R. Sec. 404.1574(b)(3)
 
 
 [3]
 The Secretary argues that 20 C.F.R. Sec. 416.971 supports his position. That regulation states:
 The work that you have done during any period in which you believe you are disabled may show that you are able to do work at the substantial gainful activity level. If you are able to engage in substantial gainful activity, we will find that you are not disabled.... Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did. We will consider all of the medical and vocational evidence in your file to decide whether or not you have the ability to engage in substantial gainful activity.
 While this regulation supports the conclusion that a claimant may--at step five--be found to be able to engage in substantial gainful activity by virtue of his having engaged in some nonsubstantial gainful activity previously, there is nothing in the regulation to indicate that prior nonsubstantial work can be the basis for a determination of non-disability at step four.
 
 
 [4]
 Rule 202.01 directs a finding of "disabled" if a person is of advanced age with limited or less education and is unskilled or has no previous work experience