892 F.2d 1043
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Beverly DeGRANDE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1431.
 United States Court of Appeals, Sixth Circuit.
 Jan. 2, 1990.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Beverly DeGrande, brought this action seeking judicial review of a final decision denying her claim for disability insurance benefits based on multiple sclerosis. The district court granted summary judgment in favor of the Secretary of Health and Human Services (Secretary), thereby upholding the denial of benefits. Because we cannot find substantial evidence to support the Secretary's decision that the plaintiff is not disabled, we reverse the district court's ruling and remand the case to the Secretary for a determination of the appropriate disability onset date and an award of benefits.
 
 I.
 
 2
 Prior to June 1981, DeGrande worked as a high school career lab supervisor and as a county deputy court clerk. In 1981, however, she began experiencing a loss of sensation and coordination in her right hand and occasional loss of balance. As a result, the plaintiff gave up her county deputy court clerk position in June of 1981 because, in her estimation, her physical condition rendered her incapable of performing the tasks involved in her job. DeGrande obtained part-time employment as a phone solicitor for several months in 1985, but again was forced to resign due to increasing loss of function in her right hand and leg accompanied by dizziness and fatigue.
 
 
 3
 On April 24, 1986, the plaintiff filed an application for social security disability insurance benefits claiming that she became unable to work in 1981 because of multiple sclerosis.[1] Plaintiff's application was denied initially and upon reconsideration. She then requested a de novo hearing before an administrative law judge (ALJ). The ALJ identified the plaintiff's multiple sclerosis as a severe impairment, but nonetheless determined that she was not disabled based upon her residual functional capacity to perform her past work as a county deputy court clerk and a career lab supervisor. (App. at 17). The Appeals Council adopted the ALJ's findings essentially without comment, and the plaintiff filed this action to contest the Secretary's ruling. See 42 U.S.C. § 405(g). The case was referred to a magistrate, who issued a report and recommendation suggesting that the plaintiff should be awarded benefits based upon the lack of support for the Secretary's findings. The district court, however, rejected the magistrate's recommendation and granted summary judgment in favor of the Secretary. The dispositive inquiry on appeal is "whether there is substantial evidence in the record, viewed as a whole, to support the Secretary's determination."[2] Gibson v. Secretary of Health, Educ. and Welfare, 678 F.2d 653, 654 (6th Cir.1982) (citing 42 U.S.C. § 405(g)).
 
 II.
 
 4
 The medical evidence of record uniformly reveals that the plaintiff's multiple sclerosis has had a significant debilitating impact. The plaintiff's treating neurologist, Dr. Kikas, concluded in December of 1986 that her condition "is slowly progressive and has incapacitated" her. (App. at 189). This conclusion, which resulted from "extensive neurological evaluations" undertaken to ascertain the cause of the plaintiff's physical difficulties (App. at 189), substantiates the neurologist's February 1986 evaluation of the plaintiff's limitations. (App. at 166). Plaintiff's family physician, Dr. Nowosielski, reviewed the DeGrande's physical condition in May of 1986 and opined that she "is not capable of employment at this time nor will she ever be capable of employment." (App. at 168-69). The Secretary's consultative physician, Dr. Kinhal, observed an "[e]tiological disturbance related to [the plaintiff's] motor system and diffuse sensory disturbance with nystagmus[.]" (App. at 172). In Dr. Kinhal's view, these symptoms "indicate[d] the possibility of multiple sclerosis" and suggested the need for "formal evaluation [of] [t]he patient's neurological system[.]" (App. at 172). Absent such review, Dr. Kinhal could offer no opinion as to the plaintiff's residual functional capacity, but he did detect "poor" coordination "in the upper right limb." (App. at 172).
 
 
 5
 A psychological examination and a work evaluation study likewise revealed substantial physical limitations. DeGrande was observed to have an impaired right leg and sporadic problems with loss of balance. (App. at 156). One evaluator, noting plaintiff's limited manual dexterity, commented that "[w]hen working with [the plaintiff] on a one to one basis it became clear that she was working around some significant obstacles with regard to visual motor skills." (App. at 161). Moreover, the plaintiff's physical impairment often left her fatigued. (App. at 161). Consequently, the evaluator ruled out full-time employment in 1984 based on the plaintiff's diminished physical capacity. (App. at 164).
 
 III.
 
 6
 We have consistently explained that, although it is the ALJ's task to make the legal determination of disability, the medical opinions of treating physicians are "entitled to great weight." See, e.g., King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). Both of the plaintiff's treating physicians opined that she cannot engage in any gainful employment. (App. at 169, 189). Moreover, neither the Secretary's consultative physician nor any other doctor offered any contrary conclusion. In a case such as this, where a treating physician's "opinion is uncontradicted, complete deference must be given to such opinions and diagnoses."[3] King, 742 F.2d at 973.
 
 
 7
 The ALJ and the district court, in discounting the conclusions of both treating physicians, assigned significant weight to the plaintiff's completion of her social security disability application forms. Proceeding from the assumption "that the claimant filled out" her application for disability benefits, the ALJ deduced that "she obviously is able to write." (App. at 14). The district court relied almost exclusively on this logic in finding substantial evidence to support the Secretary's denial of benefits. In Weaver v. Secretary of Health & Human Serv., 722 F.2d 310 (6th Cir.1983), we rejected "the infamous and thoroughly discredited 'sit and squirm' test[,]" which "allow[s] the dismissal of a claim for pain solely on the ALJ's observations at the hearing." Id. at 312. We similarly reject the ALJ's reliance in this case on the plaintiff's act of completing her application, particularly in light of the plaintiff's impairment. In the context of a child's insurance disability benefits claim, we commented that "[m]ultiple sclerosis is an incurable, progressive disease subject to ... periods of remission and exacerbation." Parish v. Califano, 642 F.2d 188, 193 (6th Cir.1981). Thus, DeGrande's capacity to complete a hand-written application provides no support for the finding that she always can write well enough to perform her past work. In fact, the inconsistent yet progressive nature of her disability suggests precisely the opposite conclusion. Cf. Blankenship v. Bowen, 874 F.2d 1116, 1121 (6th Cir.1989) (noting that progressive condition "could not have occurred suddenly"). In sum, our review of the record indicates that the Secretary's determination is not supported by substantial evidence.
 
 
 8
 Although the Secretary's decision concluded at step four of the sequential evaluation upon the finding that the plaintiff could perform her past work, cf. Steiner v. Secretary of Health & Human Serv., 859 F.2d 1228, 1230 n. 1 (6th Cir.1987) (detailing five-step sequential analysis), we need not remand this case for completion of the sequential analysis. While remand of cases involving denial of benefits at step four (regarding the ability to perform past work) for evaluation of step five (regarding the capacity to perform other work) frequently is appropriate, see, e.g., Lauer v. Bowen, 818 F.2d 636, 641 (7th Cir.1987), this notion is simply a flexible guideline.[4] See, e.g., Dorf v. Bowen, 794 F.2d 896, 903 (3d Cir.1986). As the Third Circuit reasoned in Dorf, "[i]f there is no substantial evidence that [a plaintiff] can perform even sedentary work[,] nothing would be gained by remanding for a hearing addressed to [the fifth step of the sequential framework]." Id. Accordingly, we REVERSE and REMAND solely for a determination of the appropriate onset date and an award of benefits.
 
 
 
 [1]
 The plaintiff's application identified her primary malady as "multiple sclerosis and/or syringomyelia of [the] cervical cord[.]" The diagnosis of syringomyelia, a spinal cord condition, has since been rejected. Indeed, the ALJ, the magistrate, and the district court all identified the plaintiff's impairment as multiple sclerosis, and the plaintiff has similarly characterized her condition in her brief
 
 
 [2]
 " 'Substantial evidence' means 'more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Evans v. Secretary of Health and Human Serv., 820 F.2d 161, 164 (6th Cir.1987)
 
 
 [3]
 The Secretary contends that the treating physicians' opinions must be rejected as inadequately supported. See, e.g., Houston v. Secretary of Health & Human Serv., 736 F.2d 365, 367 (6th Cir.1984). We find this argument unpersuasive for several reasons. First, Dr. Kikas's conclusion incorporates and is supported by his most recent neurological examination. (App. at 189-90). Second, the symptoms upon which the treating physicians based their conclusions were recognized by the Secretary's consultative physician and others who examined the plaintiff. Finally, the very nature of multiple sclerosis, as we discussed in Parish v. Califano, 642 F.2d 188, 193 (6th Cir.1981), bolsters the treating physicians' opinions
 
 
 [4]
 Our decisions in Salmi v. Secretary of Health & Human Serv., 774 F.2d 685 (6th Cir.1985), and Farris v. Secretary of Health & Human Serv., 773 F.2d 85 (6th Cir.1985), do not suggest otherwise. Salmi and Farris both involved reversal of the Secretary's determination at step two in the sequential analysis, which presents the threshold inquiry of whether a claimant has a severe impairment. See 20 C.F.R. § 404.1520(c). A per se rule of remand for further analysis is far more appropriate in step two cases where the Secretary has not yet given consideration to the claimant's residual functional capacity than in step four cases where residual functional capacity necessarily has been addressed