# United States Court of Appeals
## For the First Circuit

No. 17-1886

DARRYL C. COSKERY,

Plaintiff, Appellant,

v.

NANCY A. BERRYHILL,
acting Commissioner of Social Security Administration,

Defendant, Appellee.

APPEAL FROM THE DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Nancy Torresen, U.S. District Judge]

Before

Lynch, Thompson, and Barron,
Circuit Judges.

Riley L. Fenner for appellant.
Christopher L. Potter, Special Assistant U.S. Attorney, with
whom Halsey B. Frank, United States Attorney, was on brief, for
appellee.

June 4, 2018

**BARRON**, **Circuit Judge**.  Darryl Coskery appeals the District Court's order upholding the denial of his application for Social Security Disability Insurance Benefits and Supplemental Security Income.  We affirm.

## I.

Coskery, a former line cook and chef, filed his claim for benefits with the Social Security Administration (SSA) in September 2013.  The SSA denied his request.  Coskery sought a hearing before an Administrative Law Judge (ALJ), see 20 C.F.R. § 404.929, which was held on August 5, 2015.

The key question before the ALJ was whether Coskery was disabled.  See 42 U.S.C. § 423(a)(1).  Congress defines "disabled," as relevant here, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical . . . impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  Id. § 423(d)(1)(A).

The SSA has promulgated a regulation that structures the inquiry that an ALJ must undertake to evaluate whether a claimant is "disabled" under the statute.  The regulation sets forth a five-step inquiry:

> (i) At the first step, we consider your work activity, if any.  If you are doing substantial gainful activity, we will find that you are not disabled. . . .

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment . . . we will find that you are not disabled. . . .

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one [set forth in an appended list] and meets the duration requirement, we will find that you are disabled . . . .

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v).

The ALJ released a decision on August 24, 2015 that determined that Coskery's claim failed at the fifth step of the inquiry. The ALJ ruled that, although Coskery suffered from a medical impairment, he retained a "residual functional capacity to perform light work." According to a regulation promulgated by the SSA, light work requires an individual to "lift[] no more than 20 pounds at a time with frequent lifting or carrying of objects

- 3 -

weighing up to 10 pounds," and requires "a good deal of walking or standing." Id. § 404.1567(b).

The ALJ also found that jobs requiring only light work existed in significant numbers in the national economy. The ALJ thus found that, because Coskery could make "[an] adjustment to other work," he was "not disabled."

Coskery sought review of the ALJ's denial of his claim for benefits in the United States District Court for the District of Maine. Coskery argued that, in assessing the ALJ's determination that he was not disabled, the District Court was required to follow a Social Security Ruling (SSR), SSR 16-3p, 82 Fed. Reg. 49462 (Oct. 25, 2017), that superseded the SSR that the ALJ had applied, SSR 96-7p, 61 Fed. Reg. 34483 (July 2, 1996), even though SSR 16-3p was published after the ALJ had ruled in his case. Coskery further contended that, when reviewed under SSR 16-3P, the ALJ's ruling was not supported by substantial evidence.

The District Court referred the case to a magistrate judge, who issued a Report and Recommended Decision. That decision recommended upholding the ALJ's ruling because SSR 16-3p did not apply retroactively and, when reviewed under SSR 96-7p, the ALJ's ruling was supported by substantial evidence. The District Court adopted the Magistrate Judge's recommended decision and upheld the agency's order denying Coskery's claim for benefits. This appeal followed.

## II.

We review SSA rulings that deny benefits claims to determine "whether the final decision is supported by substantial evidence and whether the correct legal standard was used." Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). We review questions of law de novo, id., and questions of fact for substantial evidence. 42 U.S.C. § 405(g); Seavey, 276 F.3d at 9; see also Purdy v. Berryhill, 887 F.3d 7, 12-13 (1st Cir. 2018).

The parties frame their dispute as one that turns on whether substantial evidence supports the ALJ's determination that Coskery was not disabled. But, underlying that record-based dispute is a purely legal one: whether we must review the ALJ's ruling for substantial evidence under SSR 16-3p or under the SSR that was in place at the time that the ALJ ruled in Coskery's case, SSR 96-7p. We thus start with that dispute, which, because it concerns a question of law, we review de novo. Seavey, 276 F.3d at 9.

In the end, though, as we will explain, we need not resolve which SSR applies, notwithstanding the time that the parties spend sparring over that issue. And that is because, although the District Court rejected Coskery's challenge only after concluding that SSR 96-7p applies, we may affirm the District Court's conclusion "on any ground made manifest by the record." O'Connell v. Marrero-Recio, 724 F.3d 117, 126 (1st Cir. 2013).

And, Coskery's challenge fails even if we apply the more recent SSR that he contends we must.[1]

### A.

SSRs are, by regulation, "final opinions and orders and statements of policy and interpretations that [the SSA] ha[s] adopted."  20 C.F.R. § 402.35(b)(1).  The two SSRs at issue here -- SSR 96-7p and SSR 16-3p -- address, among other things, the proper way for an ALJ to assess a claimant's symptoms, including pain, under 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

SSR 96-7p requires an ALJ to assess the applicant's "credibility" when assessing the "extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled."  SSR 96-7p, 61 Fed. Reg. at 34485.  Following concerns raised by the Administrative Conference of the United States about symptom evaluation under that SSR, however, the SSA decided to "eliminat[e] the use of the term 'credibility' from [the] sub-regulatory policy" to make clear that a "subjective symptom evaluation is not an examination of an individual's character."  SSR 16-3p, 82 Fed. Reg. at 49463; id. at 49463 n.1.

Thus, under SSR 16-3p, which supersedes SSR 96-7p, an ALJ determining whether an applicant has a residual functional

---

[1] We note that Coskery makes no argument that he can win under the old SSR even if he cannot win under the new one.

capacity that precludes a finding of disability must "evaluate the intensity and persistence of an individual's symptoms such as pain and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities."  Id. at 49464.  Moreover, SSR 16-3p provides that, in conducting that inquiry, the ALJ must "examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record."  Id.  In addition, this new SSR expressly provides that the ALJ may not consider "an individual's character."  Id. at 49463.

As a general matter, "administrative rules will not be construed to have retroactive effect unless their language requires this result."  Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988).  Coskery nevertheless contends that the new SSR applies to his case on appeal because it merely clarifies the SSA regulation that sets forth the five-step sequence for determining whether a claimant is disabled and thus effects no substantive change in the agency's interpretation of either the statutory definition of "disabled" or the regulations governing the steps that an ALJ must undertake in assessing whether a claimant is "disabled."  Cf. Pope v. Shalala, 998 F.2d 473, 483 (7th Cir. 1993)

- 7 -

(holding that clarifying regulations that do not announce a change in law apply retroactively to cases pending on appeal) overruled on other grounds by Johnson v. Apfel, 189 F.3d 561 (7th Cir. 1999).

The SSA argues, by contrast, that the text of SSR 16-3p makes clear that it does not apply in this case, even though that SSR did take effect while Coskery's case was pending on appeal. The SSA points out that, among other things, the text of this SSR clearly provides both that it has an "effective date" of March 27, 2016 -- which is after the ALJ ruled on Coskery's case -- and that "[w]hen a Federal court reviews our final decision in a claim, we expect the court will review the final decision using the rules that were in effect at the time we issued the decision under review." SSR 16-3p, 82 Fed. Reg. at 49468 n.27.[2] See Hargress v. Soc. Sec. Admin., Comm'r, 874 F.3d 1284, 1290 (11th Cir. 2017) (per curiam) (holding that "SSR 16-3p applies only prospectively").

---

[2] When initially published on March 16, 2016, SSR 16-3's effective date was March 16, 2016. SSR 16-3p, 81 Fed. Reg. 14166 (March 16, 2016). On March 24, 2016, the agency issued a notice correcting SSR 16-3p's effective date to March 28, 2016. SSR 16-3p, 81 Fed. Reg. 15776 (March 24, 2016). Then, on October 25, 2017, the agency again republished SSR 16-3p, stating that it changed the SSR's "terminology from 'effective date' to 'applicable date' based on guidance from the Office of the Federal Register," and also "updated citations to reflect the revised regulations that became effective on March 27, 2017," but that the "[r]uling [was] otherwise unchanged." SSR 16-3p, 82 Fed. Reg. at 49462.

We doubt that Coskery is right that we must apply the new SSR to his case. After all, he agrees that the SSA's interpretation of a regulation when it takes the form of an SSR is entitled to deference,[3] and the text of the new SSR does appear to favor the SSA's view that it does not apply to ALJ rulings rendered prior to the SSR's effective date.

But, we need not resolve the issue. Even if we review the ALJ's ruling on the understanding that we must apply SSR 16-3p in reviewing the ALJ's ruling, the ALJ's determination that Coskery is not disabled still must be upheld.[4]

## B.

In arguing otherwise, Coskery contends that, under SSR 16-3p, the ALJ's ruling cannot be sustained because substantial evidence does not support it. But, although Coskery frames this challenge as an evidentiary one, it appears that his claim of error rests less on an assertion about the lack of record support for

---

[3] There appears to be some disagreement among the courts of appeals as to what level of deference SSRs are entitled. Compare Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 549 (6th Cir. 2004) (applying the level of deference set forth in Auer v. Robbins, 519 U.S. 452, 461 (1997), to an SSR), with Lauer v. Bowen, 818 F.2d 636, 640 n.8 (7th Cir. 1987) (applying the deference set forth in Skidmore v. Swift & Co., 323 U.S. 134 (1944), to an SSR). We need not resolve in this case what level of deference to SSRs is appropriate.

[4] Because we assume that the superseding SSR applies, we have no occasion to address the level of deference -- if any -- that should be accorded to an SSR that the SSA has seen fit to replace due to concerns about its accuracy with an SSR that will apply only prospectively.

the ALJ's ruling than on his contention that the ALJ applied an incorrect legal standard by not relying on SSR 16-3p.

In particular, Coskery argues that "the ALJ's decision was not consistent with the requirements of SSR 16-3p." In so arguing, he focuses on the portion of that SSR that instructs an ALJ not to evaluate a claimant's "character or truthfulness" in evaluating the severity of the claimant's symptoms. 82 Fed. Reg. at 49467. Coskery contends that the ALJ violated this requirement because he "erroneously based his evaluation of Mr. Coskery's testimony regarding his disabling symptoms and limitations in material part upon an evaluation of Mr. Coskery's 'character or truthfulness' based upon evidence and testimony that was unrelated to his symptoms and limitations." Our review of whether the ALJ violated SSR 16-3p in this way is de novo. See Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1980) (holding that whether an ALJ considered the correct evidence is a question of the "[]correct legal standard"); see also Purdy, 887 F.3d at 13 ("The ALJ's factual findings must be supported by substantial evidence and the legal standards must be correct."); Seavey, 276 F.3d at 9 ("Questions of law are reviewed de novo.").

To support the contention that the ALJ violated this aspect of SSR 16-3p, Coskery first points to the ALJ's reference to Coskery's marijuana use. Coskery notes that the ALJ found that he had not complied with his medical treatment, as his toxicology

screenings had come back positive for marijuana in 2010 and 2013 despite warnings from his doctors that "if he had one more positive drug screen, he would no longer be prescribed narcotics." And, Coskery also notes, the ALJ stated that Coskery, "despite being under oath" at the hearing on his benefits claim, "testified that he had not used any illicit substances including marijuana since 2009."

But while Coskery argues that the ALJ made these references to his marijuana use for the purpose of making a determination about his overall character and then relying on that determination to discount his evidence about the severity of his symptoms, we do not read the ALJ to have done so. We read the ALJ instead to have referenced Coskery's marijuana use in the course of making a finding that Coskery, as part of his treatment for his pain, had been instructed to refrain from using marijuana and warned that, if he did not do so, he would not be prescribed narcotics for his pain. Thus, we read the ALJ to have referenced Coskery's marijuana use not for the purpose of making an assessment of Coskery's character or truthfulness but in order to explain the basis for its finding that Coskery "was noncompliant with treatment."

So understood, the ALJ did not violate SSR 16-3p. That SSR does not preclude an ALJ, in assessing the claimant's symptoms, from considering whether a claimant has complied with treatment

- 11 -

for the pain that the claimant purports to be suffering.  In accord with the common-sense notion that a person who does not follow a course of treatment for pain may not be suffering from that pain as intensely as the person claims, SSR 16-3p expressly provides that an ALJ must "consider an individual's attempts . . . to follow treatment once it is prescribed when evaluating whether symptom intensity and persistence affect the ability to perform work-related activities for an adult or the ability to function independently."  82 Fed. Reg. at 49466.

The ALJ did state that Coskery, "despite being under oath at [the] Hearing, testified that he had not used any illicit substances including marijuana" since before the toxicology screenings.  But, we do not read the ALJ, by so stating, to have been making a finding regarding Coskery's "overall character or truthfulness," id. at 49467, in order to use that finding to assess the strength of Coskery's evidence concerning his symptoms.  Rather, we read the ALJ's reference to the discrepancy between Coskery's testimony at the hearing and the positive toxicology screenings to be part and parcel of the ALJ's entirely permissible assessment, under SSR 16-3p, of whether Coskery had been compliant with his treatment.

Coskery next argues that the ALJ violated SSR 16-3p by making an assessment of Coskery's character and truthfulness and then relying on it in assessing the evidence concerning his

symptoms by pointing to the ALJ's treatment of the evidence regarding Coskery's daily activities. But, once again, we do not agree with Coskery's description of what the ALJ did.

SSR 16-3p expressly requires that the ALJ consider an applicant's "[d]aily activities" to "evaluate the intensity, persistence, and limiting effects of an individual's symptoms." Id. at 49465. In accord with that requirement, the ALJ stated that Coskery and his sister had both testified that Coskery was actively engaged in a variety of daily activities, including caring for himself and a dog, maintaining his house, and grocery shopping, that indicated he did have a residual functional capacity for light work. Thus, we do not see how the ALJ can be said to have acted in contravention of the requirements of SSR 16-3p in considering the evidence of Coskery's daily activities.

Of course, Coskery may be correct in contending, as he does, that his ability to perform household chores, care for a dog, shop for groceries, and engage in other daily activities does not necessarily demonstrate that he is able to perform "light work." But, our review of whether the ALJ drew a permissible inference to the contrary from the record is only for substantial evidence. See Purdy, 887 F.3d at 13. And we do not see how it was unreasonable for the ALJ to infer, from what the record showed about Coskery's ability to engage in these types of daily activities, that Coskery could perform light work. After all, the

- 13 -

SSA's regulations provide that a person who can "lift[]" up to "20 pounds at a time with frequent lifting" or "carry[] . . . objects weighing up to 10 pounds" is able to perform such work.  20 C.F.R. § 404.1567; cf. Berrios Lopez v. Sec'y of Health & Human Servs., 951 F.2d 427, 429 (1st Cir. 1991) ("Nor do we see any merit to claimant's contention that the Secretary failed to give adequate consideration to claimant's subjective complaints of pain in her left knee and from arthritis . . . . [The applicant] walked without assistance, and . . . she came to the District Office driving her own car and no difficulties were observed.").

Moreover, the ALJ did not rely solely on the evidence concerning Coskery's daily activities in finding that he did have the capacity to do light work.  The ALJ was careful to stress that the evidence concerning Coskery's daily activities was "only one of several factors that [the ALJ] considered," and "[u]ltimately, it is the entire record as a whole that le[d] [the ALJ] to conclude that [Coskery] is not disabled."  Thus, given that the "'drawing of permissible inference from evidentiary facts [is] the prime responsibility of the [Commissioner],' and 'the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [the Commissioner],'" Purdy, 887 F.3d at 13 (quoting Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)) (per curiam) (first alteration in original), we conclude that substantial evidence supports the

ALJ's determination that Coskery's ability to carry out certain daily activities undermines his contention that he is unable to perform light work.

## c.

Coskery separately argues that the ALJ erred in two other respects, neither of which are specific to any requirement that is imposed solely by SSR 16-3p.  Here, too, Coskery is arguing that the ALJ applied the wrong legal standard, and so our review is de novo.  And here, too, we find his arguments about how the ALJ erred unpersuasive.

First, Coskery argues that the ALJ erred by failing to follow a requirement -- common to both SSR 16-3p and SSR 96-7p -- that an ALJ "will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual."  SSR 16-3p, 82 Fed. Reg. at 49465; accord SSR 96-7p, 61 Fed. Reg. at 34484 ("An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.").  But, we do not agree that the ALJ ran afoul of this requirement.

After addressing the medical evidence, the ALJ considered Coskery's testimony, his sister's testimony, and Coskery's compliance with treatment before determining that Coskery's testimony was not fully consistent with the rest of the record evidence.[5] By assessing this evidence along with the other evidence in the record, the ALJ was acting fully in accord with the agency's own guidance to "evaluate an individual's symptoms based on the evidence in an individual's record." SSR 16-3p, 82 Fed. Reg. at 49465; see also SSR 96-7p, 61 Fed. Reg. at 34484.

Second, Coskery contends that the ALJ erred by disregarding the requirement -- again, common to both SSRs at issue in this case -- that the ALJ "explain which of an individual's symptoms [it finds] consistent or inconsistent with the evidence in his or her record and how [its] evaluation of the individual's symptoms led to [its] conclusions." SSR 16-3p, 82 Fed. Reg. at 49466; see also SSR 96-7p, 61 Fed. Reg. at 34485. But, here, too, we do not perceive the error that Coskery identifies.

The ALJ explained at length that the medical evidence was inconsistent with Coskery's testimony as to his medical

---

[5] Coskery also appears to contend that the ALJ's determination that the medical record was "not necessarily inconsistent" with his statements regarding his limitations was not reasonable. But, Coskery has failed to demonstrate that no "reasonable mind" could have concluded that the two were inconsistent, Purdy, 887 F.3d at 13, and thus we reject this part of his challenge to whether substantial evidence supports the ALJ's ruling.

condition, that the activities of Coskery's daily living were inconsistent with other portions of the record, and that his noncompliance with treatment demonstrated that "the alleged intensity and persistence of [Coskery's] symptoms are inconsistent with the overall evidence of record." See SSR 16-3p, 82 Fed. Reg. at 49466. We thus do not see what more the ALJ needed to do to comply with this aspect of the SSR.

## III.

The judgment of the District Court is **affirmed**.