UNITED STATES COURT OF APPEALS
**Filed 7/5/96**
FOR THE TENTH CIRCUIT

JEAN NEWMAN,

       Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner of
Social Security Administration,[*]

       Defendant-Appellee.

No. 95-5198
(D.C. No. CV-94-3)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Jean Newman appeals from an order of the district court[1] affirming the Secretary's determination that she is not eligible for Social Security benefits under either Title II or Title XVI of the Social Security Act. We affirm.

Ms. Newman alleged disability due to chronic bursitis, chest pain, and depression. The administrative law judge (ALJ) denied benefits at step four of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), holding that Ms. Newman could return to her past relevant work as a dishwasher and cafeteria worker.

On appeal, Ms. Newman argues substantial evidence does not support the ALJ's determination that she can perform her past relevant work or that she performed the work at substantial gainful activity levels. She also asserts that the ALJ erroneously relied on the vocational expert's testimony to prove the step four determination and the hypothetical did not accurately reflect her disabilities. Ms. Newman maintains the magistrate judge erred in holding that even if the step four analysis were incomplete, there was substantial evidence to show she would be found not disabled at step five.

---

[1] The parties agreed to proceed before the magistrate judge in accordance with 28 U.S.C. § 636(c) and, therefore, appeal from the magistrate judge's decision.

"We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994)(citations and quotation omitted).

In denying benefits at step four, the ALJ determined Ms. Newman could perform the duties of her past relevant work as a cafeteria worker and a dishwasher. If a claimant can perform the duties of her past relevant work, she is not eligible for benefits. Bowen v. City of New York, 476 U.S. 467, 471 (1986). The claimant bears the burden of proving she cannot perform her past relevant work. Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1050 (10th Cir. 1993).

To be considered past relevant work, a claimant's previous work must "rise to the level of substantial gainful activity." Lauer v. Bowen, 818 F.2d 636, 639 (7th Cir. 1987); see also Vaughn v. Heckler, 727 F.2d 1040, 1042 (11th Cir. 1984). Ms. Newman argues substantial evidence does not support the ALJ's determination that she performed her past relevant work at substantial gainful activity levels. Ms. Newman notes particularly that the ALJ found that she had not engaged in substantial gainful activity since December 31, 1989.

In determining whether a claimant's past work experience qualifies as past relevant work, the ALJ considers whether the work was performed within the last fifteen years, lasted long enough for the claimant to learn to do it, and was substantial gainful activity. See 20

3

C.F.R. §§ 404.1565(a); 416.965(a). Earnings in excess of $300 per month for the years before 1990 establish that a claimant has engaged in substantial gainful activity. 20 C.F.R. §§ 404.1574(b)(2)(vi); 416.974(b)(2)(vi). Work performed on a part-time basis can be considered substantial gainful activity. See 20 C.F.R. §§ 404.1572(a); 416.972(a).

The record shows that while Ms. Newman is not currently performing her job as a school cafeteria worker at substantial gainful activity levels, she has performed the job at that level within the past fifteen years. See R. Vol. II at 156, 112 (reporting work as a cafeteria worker beginning in 1984 for five days a week, three hours a day, earning $5.14 per hour). The record contains substantial evidence to support the ALJ's conclusion that Ms. Newman had performed her job as a cafeteria worker at substantial gainful activity levels within the past fifteen years.

Ms. Newman also argues that substantial evidence does not support the ALJ's determination that she can perform her past relevant work, that the ALJ erroneously relied on the vocational expert's testimony to prove his step four decision, and that the hypothetical did not accurately reflect her disabilities. Ms. Newman did not raise these arguments in the district court. Compare Memorandum Br. in district court at 4-5 with Brief on Appeal at 16-19. We do not address new issues on appeal absent compelling reasons which are not present here. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).

Finally, Ms. Newman maintains the magistrate judge erred in holding that even if the step four analysis were incomplete, there was substantial evidence to show that she would

be found not disabled at step five. We agree with Ms. Newman that the magistrate judge cannot make findings properly reserved to the ALJ. Cf. Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996)(appellate court should not weigh evidence presented in cases before the Social Security Administration). As a step five determination requires the weighing of evidence, the evidence must be evaluated and weighed by the ALJ. However, no error occurred here as no step five determination is necessary.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge

5